IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UFP Eastern Division, Inc., *formerly known as* Universal Forest Products Eastern Division, Inc.<br>            Plaintiff,<br><br>v.<br><br>Selective Insurance Company of South Carolina,<br>            Defendant. | Civil Action No. 4:15-2801-RMG<br><br><br>**ORDER** |

This matter is before the Court on Defendant's renewed motion to exclude witnesses (Dkt. No. 57). This renewed motion incorporates by reference the briefing submitted regarding Defendant's motion to exclude witnesses (Dkt. No. 33). For the reasons set forth below, the Court denies the motion.

**I.    Background**

Plaintiff UPF Eastern Division, Inc. ("UFP"), a Michigan corporation, was a framing contractor to Beazer Homes for the development of fifty-nine single- and multi-story residential buildings in Horry County, South Carolina (the "Park West" project). UFP used several subcontractors on Park West, including VF Builders, which performed the framing scope of work and which was insured by Selective from June 2008 to June 2014 or later. UFP required VF Builders to include UFP as an additional insured on its commercial general liability insurance policy. (Dkt. No. 34-2 § 3.5.)

After the completion of Park West, the Park West Horizontal Property Regime and Park West Homeowners' Association of Myrtle Beach, Inc. (the "Owners") claimed that damaging water intrusion into the buildings had occurred and that the framing scope of work contributed to

-1-

that water intrusion. The Owners filed suit against Beazer on January 31, 2013, Beazer in turn filed a third-party complaint against its subcontractors, including UFP, and UFP in turn asserted claims against its subcontractors, including VF Builders. (Dkt. Nos. 34-2 & 34-3.)

On April 17, 2015, UFP filed the present action in state court. (Dkt. No. 1-1 at 1.) UFP asserts two causes of action. The first cause of action seeks both a declaratory judgment regarding Selective's duty of defense in the underlying litigation and compensatory damages for Selective's alleged breach of that duty of defense. The second cause of action alleges that Selective failed to process UFP's claims in good faith. The original scheduling order for this action (Dkt. No. 9) provided that Plaintiff's identification of expert witnesses should occur by November 18, 2015, and the first amended scheduling order (Dkt. No. 26, entered Jan. 7, 2016) provided that discovery should close by February 29, 2016. On March 3, 2016, UFP identified three fact witnesses: Kimberly Lagrand, a paralegal at law firm Womble Carlyle; Robin Herron, a legal secretary at Womble Carlyle; and Jason Gregorie, a certified engineer. On March 14, 2016, Selective moved to exclude those witnesses as untimely identified. (Dkt. No. 33.) That motion was denied without prejudice because the complaint did not name the correct defendant. (Dkt. No. 46.) After the complaint was amended to correct that issue, Selective renewed its motion to exclude the witnesses. (Dkt. No. 57.) On July 21, 2016, the Court held a hearing on the motion to exclude witnesses. (Dkt. No. 59.)

## II.    **Legal Standard**

Rule 37 of the Federal Rules of Civil Procedure provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[T]he basic purpose of Rule 37(c)(1) [is] preventing surprise and prejudice to the opposing party." *S. States Rack &*

*Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). Thus, the district court has broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless. *Id.* at 597. "[I]n exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id.*

Selective moves to exclude three witnesses first identified on March 3, 2016, shortly after discovery closed on February 29, 2016. (Dkt. No. 33.) Selective moves to exclude those witnesses as untimely identified. Local Civil Rule 16.02(D)(2) provides that witnesses identified in the last twenty-eight days of the discovery period are presumed to be untimely identified, absent a showing of good cause. Selective additionally argues that Mr. Gregorie is an expert witness who should be excluded because he was not identified before the November 16, 2015 deadline for expert witness identification and because he has produced no written report. (*Id.*)

UFP responds that it first learned of any need for testimony from Ms. Lagrand and Ms. Herron during the deposition of Selective's Rule 30(b)(6) designee on February 22, 2016. (Dkt. No. 37 at 2–3.) UFP claims that Selective then for the first time took the position that it never received an October 1, 2014 tender of defense and indemnity. (*Id.*) The precise date on which Selective received that tender is material to UFP's claims in this action. (*Id.*) To counter Selective's position, UFP expects Ms. Lagrand and Ms. Herron to testify from personal knowledge that Selective received UFP's tender on October 1, 2014. (*Id.*)

Selective responds that because it denied receipt of UFP's tender on October 1, 2014 from the outset of the litigation, that denial cannot create good cause for missing deadlines. However, Selective's denials were ambiguous. Selective's answer did deny a complaint allegation that UFP "again provided Defendants with notice of UFP's rights as an additional insured in 2014." (Dkt. No. 5 ¶ 15 (referring to Am. Compl. ¶ 14).) That, however, could be a denial that Selective received a tender letter in 2014, or a denial that UFP had any rights as an additional insured, or a denial that UFP had previously provided notice to Selective. Likewise, Selective's response to UFP's first set of interrogatories states that Selective first received the October 1, 2014 tender letter through counsel for VF Builders. (Dkt. No. 44 at 2.) That does not admit to receiving the tender in October 2014, but neither does it deny that the letter was actually received in October 2014. The Court therefore finds that UFP has shown good cause for late identification of Ms. Lagrand and Ms. Herron, and denies Selective's motion to exclude them as witnesses.

On March 3, 2016, UFP also identified Mr. Gregorie as a fact witness. Mr. Gregorie is a certified professional engineer employed by Applied Building Sciences, Inc., an architecture and engineering consultancy. *See* Who We Are, *Applied Building Sciences, Inc.*, http://www.appliedbuildingsciences.com/pages/page.asp?page_id=289315. UFP represents to the Court that "Mr. Gregorie is expected to testify as a fact witness." (Dkt. No. 37 at 3.) UFP does not explain its late identification of Mr. Gregorie.

Applying the analysis set forth in *Southern States Rack and Fixture*, the Court finds (1) that Mr. Gregorie's testimony is unlikely to surprise Selective, because he apparently testified in the underlying litigation; (2) that there is likely little surprise to cure or (3) disruption that would be caused at trial; (4) that Mr. Gregorie's testimony may be important to a material issue in this case—identification of damages in the underlying litigation that are or are not attributable to work

insured by Selective; and (5) that UFP has not proffered any explanation for its failure to identify Mr. Gregorie. The Court therefore finds that UFP's counsel has not shown that the failure to obey the scheduling order was "substantially justified" under Rule 37(c)(1), but that any harm resulting from UFP's untimely identification of Mr. Gregorie can be cured by amending the scheduling order to reopen discovery to allow Selective to depose Mr. Gregorie (as well as Ms. Lagrand and Ms. Herron) and to identify additional witness in response their testimony, if necessary. Additionally, the Court denies the pending motions for summary judgment without prejudice so the parties may file renewed motions for summary judgment on a complete evidentiary record.

The Court amends the scheduling order as follows:

1. Discovery: Discovery shall be completed no later than **September 19, 2016**.

2. Dispositive Motions and *Daubert* Motions: All dispositive motions and Daubert motions shall be filed on or before **September 19, 2016**.

3. Motions in Limine: Motions in limine must be filed no later than fifteen (15) business days prior to jury selection.

4. Pretrial Disclosures: No later than twenty-one (21) business days prior to Jury Selection, the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4).

5. Pretrial Briefs: Parties shall furnish the Court and serve pretrial briefs five (5) business days prior to the date set for jury selection (Local Civil Rule 26.05). Attorneys shall meet at least five (5) business days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits. *See* Local Civil Rule 26.07.

6. Trial: This case is subject to being called for jury selection and/or trial on or after **November 1, 2016**.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's renewed motion to exclude witnesses (Dkt. No. 57), **DENIES WITHOUT PREJUDICE** Defendant's renewed motion for

-6-

summary judgment (Dkt. No. 56) and Plaintiff's renewed motion for partial summary judgment (Dkt. No. 55), and **ORDERS** that the Second Amended Scheduling Order (Dkt. No. 53) is amended as provided in this Order.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 21, 2016
Charleston, South Carolina